Dear Mayor Racca,
You have requested an Attorney General's opinion regarding the signing of checks for a municipality. Specifically you question whether there is any law that would prohibit a council member from co-signing a check with you for the payment of Iowa's bills. You indicated that in the past a town clerk embezzled funds. The mayor at that time thought it would be prudent to require another person, who was not on the office staff, to review the bills for legitimacy and co-sign the checks.
LSA-R.S. 33:404 sets forth the mandatory duties, powers and responsibilities of the mayor. It provides in pertinent part:
A. The mayor shall have the following powers, duties, and responsibilities:
* * * * *
 (8) To sign warrants drawn on the treasury for money, to require that the municipal clerk attest to such warrants, to affix the municipal seal thereto, and to keep an accurate and complete record of all such warrants. (Emphasis added).
This office previously concluded that R.S. 33:404 vests the power or authority for signing checks solely within the mayor as the executive officer and administrator of the municipality. See Op.Atty.Gen. Nos. 92-174 and 98-469. It is clear that no council member or other official has the authority to require an additional signature on checks drawn on the municipality's treasury. Any ordinance, resolution or practice allocating the check signing function to another officer or council member is improper, as the requirement of any additional signatures would restrict the mayor's inherent powers and violate the statute.
In the situation you described, no one is attempting to usurp the mayor's authority. A previous mayor, in response to the embezzlement of funds by the clerk, instituted a policy which required dual signatures on all checks drawn on the treasury. This policy is still in place, and requires that the second signature be that of a council member.
Please be advised that this office is unaware of, and our research did not reveal, any provision of law which would prohibit the mayor, as executive officer and administrator of the municipality, from requiring an additional signature on all checks drawn on the treasury, provided:
The mayor is still required to sign all checks;
The additional signature required by the mayor must be a purely ministerial act and the additional signatory, in this case a council member, shall have no discretion regarding the signing of checks; and
The mayor shall have the authority to revoke the requirement of a second signature at will.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: _________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb